UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HORACE G. FRIEND,

                Plaintiff,

    v.

ROBERT J. BRYAN,

                Defendant.

CASE NO. 3:21-CV-5517-JCC

REPORT AND RECOMMENDATION

Noting Date: September 3, 2021

      The District Court has referred Plaintiff's pending Application to Proceed *In Forma Pauperis* ("IFP") to United States Magistrate Judge David W. Christel pursuant to Amended General Order 02-19.

      On July 16, 2021, Plaintiff Horace G. Friend initiated this lawsuit and filed a proposed civil complaint. Dkt. 1-1. On July 28, 2021, Plaintiff filed a completed application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. Dkt. 4. In determining whether IFP should be granted in this case, the Court will first review the proposed complaint.

REPORT AND RECOMMENDATION - 1

1  **Review of the Proposed Complaint.** The Court has carefully reviewed the proposed
2  complaint in this matter. Because Plaintiff filed this complaint *pro se*, the Court has construed
3  the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v.*
4  *Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

5  In his proposed complaint, Plaintiff names the Honorable Robert J. Bryan, United States
6  Senior District Judge, as the sole defendant. Dkt. 1-1. Plaintiff alleges Judge Bryan violated
7  Plaintiff's rights by deciding one of Plaintiff's cases on summary judgment, rather than allowing
8  the case to go to trial. *Id*. Plaintiff also filed a proposed "Amendment to Friend v. Bryan
9  Violation of 42 U.S.C. § 1983," wherein he requests to add Judge Michael Schwartz and Judge
10 Elizabeth Martin, Washington state superior court judges, as defendants. Dkt. 5. Plaintiff asserts
11 Judge Schwartz violated Plaintiff's rights by dismissing his car accident case and Judge Martin
12 improperly signed a decision. *Id*.

13 **Sua Sponte Dismissal.** The district court may permit indigent litigants to proceed IFP
14 upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court
15 must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory
16 screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to
17 state a claim on which relief may be granted," or "seeks monetary relief against a defendant who
18 is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d
19 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to
20 prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28
21 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP
22 complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable
23 substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.
24

1   1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*,
2   745 F.2d 1221, 1228 (9th Cir. 1984).

3   Furthermore , a federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P.
4   12 (b)(6) when it is clear that the plaintiff has not stated a claim upon which relief maybe
5   granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may
6   dismiss a claim sua sponte under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made
7   without notice where the claimant cannot possibly win relief."); *see also Mallard v. United*
8   *States Dist. Court*, 490 U.S. 296, 307-08 (1989) (noting there is little doubt a federal court would
9   have the power to dismiss a frivolous complaint *sua sponte*, even in absence of an express
10  statutory provision).

11  "Anglo–American common law has long recognized judicial immunity, a sweeping form
12  of immunity for acts performed by judges that relate to the judicial process." *In re Castillo*, 297
13  F.3d 940, 947 (9th Cir. 2002)(internal quotations omitted). "Absolute immunity fails to attach to
14  judicial officers only when they act clearly and completely outside the scope of their
15  jurisdiction." *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985)(internal citations omitted).

16  All of Judges Bryan's, Schwartz's, and Martin's acts complained of here relate to the
17  judicial process. These three judges have absolute judicial immunity from this suit. *See Olson v.*
18  *Idaho State Board of Medicine*, 363 F.3d 916 (9th Cir. 2004) (noting that judges are entitled to
19  absolute immunity for actions taken within their jurisdiction). There is no reasonable basis to
20  conclude that the judges do not have jurisdiction to act in Plaintiff's cases. Plaintiff fails to allege
21  any facts that support his conclusion that the Defendants have violated his rights. Further,
22  "[a]llegations of malice or bad faith in the execution of the officer's duties are insufficient to
23  sustain the complaint when the officer possesses absolute judicial immunity." *Demoran*, 781
24

REPORT AND RECOMMENDATION - 3

F.2d at 158. This case has no arguable basis in law or fact. Therefore, the proposed complaint and proposed amendment to the proposed complaint should be dismissed as frivolous and for failure to state a claim.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

In this case, any attempt by Plaintiff to amend the proposed complaint would be futile. As such, the Court finds Plaintiff should not be afforded leave to amend his proposed complaint or proposed amendment to the proposed complaint.

**Decision on Application to Proceed IFP.** A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998); *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). This proposed complaint is frivolous and entirely without merit. Based upon the above analysis of the deficiencies in the proposed complaint, the Court recommends denying Plaintiff's Application to Proceed IFP (Dkt. 4).

**IFP on Appeal.** In the event that Plaintiff appeals any order entered in this case and/or appeals dismissal of this case, IFP status should be denied by this Court, without prejudice to Plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed IFP.

**Conclusion.** For the above stated reasons, the undersigned recommends Plaintiff's Application to Proceed IFP (Dkt. 4) be denied, this case be dismissed with prejudice as frivolous and for failure to state a claim, and any IFP status on appeal be denied without prejudice to Plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed IFP.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on September 3, 2021, as noted in the caption.

Dated this 13th day of August, 2021.

David W. Christel
United States Magistrate Judge