THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HORACE G. FRIEND,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT J. BRYAN,<br><br>Defendant. | CASE NO. C21-5517-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's objections (Dkt. No. 7) to United States Magistrate Judge David W. Christel's report and recommendation ("R&R") (Dkt. No. 6) regarding Plaintiff's application to proceed *in forma pauperis* ("IFP") (Dkt. No. 4). For the reasons explained herein, the R&R (Dkt. No. 6) is ADOPTED, the objections (Dkt. No. 7) are OVERRULED, Plaintiff's application to proceed IFP (Dkt. No. 4) is DENIED, and this case is DISMISSED with prejudice.

On July 16, 2021, Plaintiff initiated this matter with a proposed *pro se* civil rights complaint under 42 U.S.C. section 1983. (Dkt. No. 1-1.) Plaintiff names the Honorable Robert J. Bryan, United States District Judge, as the sole defendant. (*Id.*) Plaintiff alleges Judge Bryan violated Plaintiff's rights by deciding one of Plaintiff's cases on summary judgment, rather than allowing the case to go to trial. (*Id.*) On July 28, 2021, Plaintiff filed a completed application to proceed IFP. (Dkt. No. 4.) On August 4, 2021, Plaintiff filed a proposed amendment to the proposed

complaint to include two new defendants, both Washington state superior court judges. (Dkt. No. 5.) Plaintiff alleges Judge Schwartz violated Plaintiff's rights by dismissing his car accident case and Judge Martin improperly signed a decision. (*Id.* at 1–2.)

Judge Christel found that all of Judges Bryan's, Schwartz's, and Martin's acts complained of by Plaintiff relate to the judicial process, entitling them to absolute judicial immunity from this suit. (Dkt. No. 6 at 3.) Judge Christel thus recommended Plaintiff's application to proceed IFP be denied, this case be dismissed with prejudice as frivolous and for failure to state a claim, and any IFP status on appeal be denied without prejudice. (*Id.* at 4.) Plaintiff objects to the report and recommendation. (Dkt. No. 7.)

A district court must conduct a *de novo* review of those portions of a magistrate judge's R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party properly objects when he or she files "specific written objections" to the magistrate judge's R&R as required under Federal Rule of Civil Procedure 72(b)(2). In contrast, general objections or summaries of arguments previously presented have the same effect as no objection at all since they do not focus the Court's attention on any specific issues for review. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). This Court's consideration of such "objections" would entail *de novo* review of the entire report, rendering the referral to the magistrate judge useless and causing a duplication of time and effort that wastes judicial resources and contradicts the purposes of the Magistrates Act. *Id.* Accordingly, *de novo* review is not required when a party fails to direct the Court to a specific error in the R&R. *Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F.Supp.2d 472, 475 (W.D.N.C. 2003).

Plaintiff points to no specific error in Judge Christel's analysis, nor can the Court find one. Instead, he repeats his unsupported arguments that the proposed Defendants lacked jurisdiction over his cases and violated the U.S. Constitution. (Dkt. No. 7.) As Judge Christel concluded, there is "no reasonable basis to conclude that the judges do not have jurisdiction to act in Plaintiff's cases." (Dkt. No. 6 at 3.) The three proposed Defendants all have absolute

judicial immunity from the relief Plaintiff seeks. *See Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985) (noting absolute immunity fails to attach to judicial officers only when they act clearly and completely outside the scope of their jurisdiction).

Plaintiff fails to state a claim for which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii). Further, the Court notes that amendment would be futile. *See Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007).

Accordingly, the Court ORDERS as follows:

(1) The Court ADOPTS the R&R;

(2) Plaintiff's Application to Proceed IFP (Dkt. No. 4) is DENIED without prejudice;

(3) This case is DISMISSED with prejudice;

(4) The Clerk is further DIRECTED to send a copy of this order to the parties.

DATED this 17th day of September 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE